IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-565-ECM-KFP |
| ) | |
| WENDY'S, INC., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Peter J. Smith was previously granted leave to proceed in forma pauperis, which obligates the Court to undertake review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Upon review, the undersigned RECOMMENDS that this case be dismissed, as set forth below.

Under 28 U.S.C. § 1915, a court may dismiss an in forma pauperis complaint if it is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The leniency afforded pro se litigants does not allow the Court to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903,

911 (11th Cir. 2020). Pro se pleadings still must comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

"In addition, the Court must ensure subject matter jurisdiction exists over a pro se litigant's action independent of Section 1915." *Santos v. Barlett*, 2025 U.S. Dist. LEXIS 87247, at *7 (M.D. Fla. Apr. 23, 2025).[1] The subject matter of federal courts is limited and "conferred and defined by statute." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

In Smith's Complaint, he names "Wendy's Inc." as the Defendant. Doc. 1 at 1. He alleges "2 Counts of Breach of Contract" against Wendy's. Doc. 1 at 2. He claims he was "not allowed to use 2024 key tag" and was also "not allowed to use code on receipt obtained online for $2 off a meal." Doc. 1 at 2. He asserts the damages at issue amount to more than $20.00. Doc. 1.

Smith has not alleged a jurisdictional basis for his breach of contract claims to proceed in federal court. Even if the parties are completely diverse (though there are no citizenship allegations to support that finding), Smith's allegation that the "[a]mount in question exceeds" $20, does not satisfy the required amount in controversy to establish

---

[1] Here, and elsewhere in this Recommendation, the undersigned cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

diversity jurisdiction. *See Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024) ("Pursuant to 28 U.S.C. § 1332(a)(1), a district court has subject matter jurisdiction over a civil action when the action is between citizens of different states and the amount in controversy exceeds $75,000." (citing 28 U.S.C. § 1332(a)(1))). Smith also pleads no statutory basis under federal law for this action. *Butler v. Morgan,* 562 F. App'x 832, 834 (11th Cir. 2014) ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001))). Thus, because Smith has not alleged a legal cause of action under federal law, Smith has not established that this Court has federal question jurisdiction.

Because Smith has not established a jurisdictional basis for his claim to be in federal court, the case cannot proceed. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Accordingly, the undersigned RECOMMENDS that this matter be dismissed for lack of jurisdiction. It is further

ORDERED that by **June 4, 2025**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

DONE this 21st day of May, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE